RECEIVED
IN LAKE CHARLES, LA

MAR 24 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| THE SWEET LAKE LAND & OIL COMPANY LLC | : | DOCKET NO. 2:10 CV1694 |
| VS. | : | JUDGE MINALDI |
| EXXON MOBIL CORP. | : | MAGISTRATE JUDGE KAY |

## ORDER

Before the Court is a Motion to Dismiss the Plaintiff's for Punitive Damages Claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by the defendant Exxon Mobil Corp. [Doc. 9]. After the defendants filed the present motion, the plaintiff amended its complaint. Accordingly, the original complaint was superseded by the amended complaint. *See King v. Dogan*, 31 F.3d 344 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."); 6 Miller, Arthur R. & Mary Kay Kane, *Federal Practice and Procedure* § 1476, at 291 (3d ed. 1997).

The amendment, moreover, cured the defect in the original complaint. The allegations no longer track the language of former Civil Code Article 2315.3. Rather, they set-forth sufficient factual detail, including the who, what, where, when, and how of the allegedly wrongful conduct. For example, the plaintiffs allege that from 1988 to the present, the defendant, or its predecessor in interest, has conducted oil and gas operations on the plaintiff's property, including the construction and operation of a well. The plaintiff further alleges that the defendant's operations on the plaintiff's property resulted in environmental destruction through contamination of various toxins and pollutants. In particular, contamination occurred through leaks, spills and

other discharges from the defendant's pipelines, wells, tank batteries, gas plants, gas meters and other facilities. The defendant allegedly knew or should have known of this contamination, and had a contractual or statutory responsibility to restore the land. As a result, the plaintiff alleges that the defendant is liable for punitive and exemplary damages. Thus, the complaint is sufficient to satisfy Rule 8 and thus Rule 12(b)(6). The parties apparently acknowledge as much: neither party has sought to litigate the Motion to Dismiss. The plaintiff did not file an Opposition, and the defendant did not file a Reply. Accordingly, it is

ORDERED that the defendant's Motion to Dismiss is DENIED.

Lake Charles, Louisiana, this 22 day of March 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE